AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Utah

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE PROPERTY LOCATED AT 936 EAST 500 NORTH,<br>SPANISH FORK, UTAH, 84660, AND THE PERSON OF<br>DANIEL CARSON CALHOUN | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.    2:26-mj-00470 DBP

**SEALED**

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Utah _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A1 and Attachment A2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ June 11, 2026 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ the on duty U.S. Magistrate Judge _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    05/29/2026 2:15 pm

*Judge's signature*

City and state:    Salt Lake City, UT

Hon. Dustin B. Pead, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.:<br>2:26-mj-00470 DBP | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name of any person(s) seized: |
|---|

## Certification

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Print       Save As...       Reset

## ATTACHMENT A-1

## DESCRIPTION OF PREMISES TO BE SEARCHED

The SUBJECT RESIDENCE is the entire property located at 936 East 500 North, Spanish Fork, UT 84660. The SUBJECT RESIDENCE takes up the East side of a Duplex building.  The building has tan siding with brown or red bricks wrapping around the bottom half of the building. A covered garage port is attached to the East of the SUBJECT RESIDENCE. The SUBJECT RESIDENCE is outlined in red in the photograph below; it is the East most unit clearly marked with the number 936 on the exterior next to the front door. The SUBJECT RESIDENCE includes any outbuildings, parking spaces, garage, storage space, and outdoor areas exclusively assigned to 936 East 500 North. It further includes any vehicles located within the SUBJECT RESIDENCE or curtilage thereto that are being driven by the SUBJECT PERSON, including a Chevrolet Cruze bearing Utah plate ███████.





2

## ATTACHMENT A-2

## DESCRIPTION OF THE PERSON TO BE SEARCHED

The SUBJECT PERSON to be searched is DANIEL CARSON CALHOUN, Date of Birth: XX/XX/2002, who resides at 936 East 500 North, Spanish Fork, UT 84660, and pictured below:



**ATTACHMENT B**

**DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items to be seized constitute fruits, instrumentalities and evidence of violations of 18 U.S.C. §§ 2252(a)(1), (2), (4) and §§ 2252A(a)(1), (2), (3), (5) (Possession, Access with Intent to View, Transportation, Receipt, and Distribution of Child Pornography) and 18 U.S.C. §2422(b)(Enticement of a Minor)  (the "SUBJECT OFFENSES"):

1.  Images or visual depictions of child pornography.

2.  Records and information containing child erotica, including texts, images and visual depictions of child erotica.

3.  Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of the SUBJECT OFFENSES:

4.  Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors.

5.  Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning Internet activity reflecting a sexual interest in minors or child pornography.

6.  Any and all information, notes, software, documents, records, or correspondence, in any form and medium pertaining to any minor who is, or appears to be, the subject of any visual depiction of child pornography, child erotica, sexual activity with other minors or adults, or of sexual interest, or that may be helpful in identifying any such minors.

7.  Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the computer or by other means for the purpose of committing violations of the SUBJECT OFFENSES:

8.  Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make accessible child pornography.

9.  Any and all cameras, film, videotapes or other photographic equipment that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of the SUBJECT OFFENSES.

10. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of the SUBJECT OFFENSES.

1

11. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the SUBJECT OFFENSES.

12. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to occupancy or ownership of the premises and use or ownership of computer equipment found in the premises, or that aid in the identification of persons involved in violations of the SUBJECT OFFENSES.

13. Credit cards, credit card information, bills and payment records pertaining to violations of the SUBJECT OFFENSES.

14. Information about usernames or any online accounts or email addresses that include Comcast or other Internet Service Providers used in the commission of violations of the SUBJECT OFFENSES.

15. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the SUBJECT OFFENSES.

16. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant:

    a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

    b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

2

f.  evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

g.  records of or information about Internet Protocol addresses used by the COMPUTER;

h.  evidence indicating the computer user's state of mind as it relates to the crime under investigation, namely crimes involving child exploitation and child pornography;

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  contextual information necessary to understand the evidence described in this attachment;

l.  volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer.

m.  images and visual depictions of child pornography;

n.  records and information containing child erotica, including texts, images and visual depictions of child erotica;

o.  any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of 18 U.S.C. §§ 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

p.  any and all information, notes, documents, records, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors;

q.  items otherwise described above in paragraphs 1- 14 of this Attachment B;

r.  For any COMPUTER the search of which is authorized by this warrant, if it is protected by biometric login (i.e. fingerprint or FaceID), or other physical mechanism which restricts access to the contents of the device, law enforcement is authorized to utilize reasonable force with persons present at the Subject Property to cause the unlock of the device with said biometric/physical login.  This does not authorize law enforcement to compel disclosure of a password, swipe pattern, or other non-biometric/physical login.

## DEFINITIONS:

17. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that

3

can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

18. "Child Pornography" is defined in 18 U.S.C. § 2256(8), which includes as any visual depiction of sexually explicit conduct involving the use of a minor; a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaged in sexually explicit conduct; or a visual depiction that has been created, adapted, or modified to appear than an identifiable minor is engaging in sexually explicit conduct.

19. "Visual depiction" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

20. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.

21. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.